UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FREDDIE LEE GLOVER,

                Petitioner,

v.                                                      Case No. 3:17-cv-689-J-34JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
                Respondents.

_____

## ORDER

### I. Status

Petitioner Freddie Lee Glover, an inmate of the Florida penal system, initiated this action on June 12, 2017,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Glover challenges a 2012 state court (Duval County, Florida) judgment of conviction for lewd or lascivious molestation and sale, distribution, or showing of obscene material to minors. He raises two grounds for relief. See Petition at 3-7. Respondents have submitted a memorandum in opposition to the Petition. See Answer in Response to Order to Show Cause (Response; Doc. 13). They also submitted exhibits. See Resp. Exs. A-P, Docs. 13-1, 13-2 and 18. Glover filed a brief in reply. See Petitioner's Reply to Respondent's Show Cause (Reply; Doc. 15). This case is ripe for review.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

## II. Relevant Procedural History

On September 9, 2011, the State of Florida charged Glover, by Amended Information, with sexual battery (count one), lewd or lascivious molestation (count two), and sale, distribution, or showing of obscene material to minors (count three). Resp. Ex. A at 27. At the conclusion of a trial, a jury found Glover guilty of battery, a lesser-included offense of sexual battery, and guilty as charged as to counts two and three. Id. at 37-39. The circuit court sentenced Glover to 365 days on count one, a term of life imprisonment with a twenty-five year minimum mandatory on count two, and a term of five years imprisonment on count three. Id. at 65-72. The circuit court ordered the sentences for counts two and three to run concurrently with the sentence imposed on count one. Id. at 69-70.

On appeal, Glover, with the benefit of counsel, filed an initial brief, arguing that his convictions for battery and lewd or lascivious molestation arising from the same criminal episode violate double jeopardy (ground one). Resp. Ex. D at 20-24. Additionally, he argued that he was denied a fair trial because (1) the testimony of Arabia Thomas Davis, a case coordinator with the Child Protection Team (CPT); Rachel Thomas, a CPT nurse practitioner; and Detective Bartley bolstered the victim's credibility and denigrated Glover's veracity (ground two), and (2) the prosecutor made improper comments that appealed to the jury for victim sympathy (ground three). Id. at 25-44. The State filed an Answer Brief, see Resp. Ex. E, and Glover filed a Reply Brief, see Resp. Ex. F. On April 2, 2013, the appellate court affirmed Glover's convictions and sentence per curiam without issuing a written opinion, see Resp. Ex. G, and the mandate issued on April 18, 2013, see Resp. Ex. H.

2

Glover filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motion) on January 3, 2014, under the mailbox rule. Resp. Ex. I at 1-22. In his request for post-conviction relief, Glover asserted that counsel (Assistant Public Defenders Senovia Portis and Zachary Shafer) were ineffective because they failed to: (1) object to the trial judge's admission of the child hearsay evidence without making specific findings of fact, as required by Florida Statutes section 90.803(23)(c) (2010) (ground one), and (2) move to exclude portions of the child hearsay evidence as prejudicially cumulative under Florida Statutes section 90.403 (2010) (ground two). The court denied the Rule 3.850 motion on June 29, 2016. Id. at 26-114. On appeal, Glover filed a pro se initial brief, see Resp. Ex. J, and the State filed a notice that it would not file an answer brief, see Resp. Ex. K. On February 13, 2017, the appellate court affirmed the trial court's denial of post-conviction relief per curiam without issuing a written opinion, see Resp. Ex. L, and denied Glover's motion for rehearing on April 6, 2017, see Resp. Ex. M. The mandate issued on April 24, 2017. Resp. Ex. N.

### III. One-Year Limitations Period

This proceeding was timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal

habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, 137 S. Ct. 2245 (2017). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because the Court can "adequately assess [Glover's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue a written opinion explaining its rationale in order for the state court's decision to qualify as an adjudication

on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court has instructed:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 1192, 1196.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Richter, 562 U.S. at 97-98. The Eleventh Circuit describes the limited scope of federal review pursuant to § 2254 as follows:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable

application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192 L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"[2] Titlow, 571 U.S. at ---, 134 S. Ct. at 15 (quoting Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016), cert. denied, 137 S. Ct. 2298 (2017). Also, deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S. Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a

---

[2] The Eleventh Circuit has described the interaction between § 2254(d)(2) and § 2254(e)(1) as "somewhat murky." Clark v. Att'y Gen., Fla., 821 F.3d 1270, 1286 n.3 (11th Cir. 2016), cert. denied, 137 S. Ct. 1103 (2017).

manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" Tharpe, 834 F.3d at 1338 (quoting Richter, 562 U.S. at 102-03). This standard is "meant to be" a "difficult" one to meet. Richter, 562 U.S. at 102. A district court's obligation is "to train its attention" on the legal and factual basis for the state court's ruling, not to "flyspeck the state court order or grade it." Meders v. Warden, Ga. Diagnostic Prison, 911 F.3d 1335, 1349 (11th Cir. 2019) (citing Wilson, 138 S. Ct. at 1191-92), cert. denied, 140 S. Ct. 394 (2019). Thus, to the extent that the petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

### B. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S. Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S. Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S. Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

> undermine confidence in the outcome." Id., at 694, 104 S. Ct.
> 2052. It is not enough "to show that the errors had some
> conceivable effect on the outcome of the proceeding." Id., at
> 693, 104 S. Ct. 2052. Counsel's errors must be "so serious as
> to deprive the defendant of a fair trial, a trial whose result is
> reliable." Id., at 687, 104 S. Ct. 2052.

Richter, 562 U.S. at 104. The Eleventh Circuit has recognized "the absence of any iron-

clad rule requiring a court to tackle one prong of the Strickland test before the other."

Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010). Since both prongs of the two-part

Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not

address the performance prong if the petitioner cannot meet the prejudice prong, and

vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated

in Strickland: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of

sufficient prejudice, which we expect will often be so, that course should be followed."

Strickland, 466 U.S. at 697.

A state court's adjudication of an ineffectiveness claim is accorded great

deference.

> "[T]he standard for judging counsel's representation is a most
> deferential one." Richter, - U.S. at -, 131 S. Ct. at 788. But
> "[e]stablishing that a state court's application of Strickland was
> unreasonable under § 2254(d) is all the more difficult. The
> standards created by Strickland and § 2254(d) are both highly
> deferential, and when the two apply in tandem, review is
> doubly so." Id. (citations and quotation marks omitted). "The
> question is not whether a federal court believes the state
> court's determination under the Strickland standard was
> incorrect but whether that determination was unreasonable -
> a substantially higher threshold." Knowles v. Mirzayance, 556
> U.S. 111, 123, 129 S. Ct. 1411, 1420, 173 L.Ed.2d 251 (2009)
> (quotation marks omitted). If there is "any reasonable
> argument that counsel satisfied Strickland's deferential
> standard," then a federal court may not disturb a state-court
> decision denying the claim. Richter, - U.S. at -, 131 S. Ct. at
> 788.

8

Hittson v. GDCP Warden, 759 F.3d 1210, 1248 (11th Cir. 2014); Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). In other words, "[i]n addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision." Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004). As such, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

Glover asserts that counsel was ineffective when she failed to object to the trial court's failure to make predicate findings of reliability, as required by Florida Statutes section 90.803(23)(c), in conjunction with the court's admission of the child victim's hearsay statements. See Petition at 4-5. According to Glover, the trial court's order "reflected a bare recitation of the statutory requirements without any conclusions of fact[] related to his case." Id. Glover raised the claim in his Rule 3.850 motion in state court. Resp. Ex. I at 5-17. The circuit court ultimately denied the post-conviction motion with respect to the claim, stating in pertinent part:

> Defendant contends his counsel was ineffective for failing to object that the Court failed to make specific findings of reliability on the record when it admitted child hearsay evidence.[3] According to Defendant, the Court failed to make any specific findings as required by section 90.803(23)(c), Florida Statutes (2010). Instead, Defendant claims the Court's Order merely reflects a bare recitation of the statutory requirements without specific factual details related to the case at bar. Therefore, Defendant asserts his counsel should

---

[3] See Resp. Ex. I at 5.

have objected to the Court's alleged failure to comply with section 90.803(23)(c). Defendant claims counsel's inaction prejudiced him because it resulted in unreliable hearsay evidence being admitted at trial, which bolstered the victim's testimony at trial.

Pursuant to section 90.803(23), Florida Statutes, "[u]nless the source of the information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim" under the age of sixteen is admissible as evidence.[4]  Section 90.803(23)(c) requires a court to make specific findings of fact, on the record, as the basis for its ruling that child hearsay is admissible. In order to determine the statements are trustworthy, a court must find that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. § 90.803(23)(a)1., Fla. Stat.

The record reflects that on June 29, 2011, the State filed a Notice of Child Hearsay Evidence. (Ex. D.)[5] On August 26, 2011, the Court held a hearing on the Notice, at which defense counsel and the state presented evidence and argument. (Ex. E.)[6] At a subsequent hearing on September 6, 2011,[7] the Court found the child hearsay evidence was admissible, which the Court memorialized in a written Order filed on the same date.[8] (Exs. F; G.)

At the September 6th hearing, the Court stated the following on the record:

> We previously had a hearing on the issue of child hearsay testimony. As I told you, I would be watching the child protection team video. I watched it in great detail, taking copious notes.

---

[4] The 2010 version of the statute created a limited exception to the hearsay rule for reliable statements of child victims, <u>eleven years or younger</u>, which describe act(s) of child or sexual abuse. <u>See</u> Fla. Stat. § 90.803(23)(c) (2010) (emphasis added).

[5] <u>See</u> Resp. Exs. A at 20; I at 46.

[6] <u>See</u> Resp. Ex. I at 48-77, Transcript of the August 26, 2011 hearing (Aug. Tr.).

[7] <u>See</u> Resp. Ex. I at 78-82, Transcript of the September 6, 2011 hearing (Sept. Tr.).

[8] <u>See</u> Resp. Exs. A at 25-26; I at 83-84.

> I stopped and rewound it when the alleged child victim was soft spoken at times. I wanted to let you know [sic] listen to it copiously. At this time[,] I am issuing the order on child hearsay.
>
> The Court is finding that the out of Court statements make [sic] by the victim regarding unlawful sexual abuse upon her shall be and are admissible in the trial in this case.

(Ex. F at 3-4) Likewise, in the Court's written Order, the Court stated the following in the finding of facts section:

> The Court has considered the mental and physical age and maturity of the child, the nature and duration of the abuse, the relationship of the children [sic] to the offender, the reliability of the assertion and the reliability of the child victim and finds that the statements made by this child sought to be admitted are reliable as they are consistent. Further, the reporting by the child was spontaneous and the facts reported were not suggested by any of the questioners and the discovery of the abuse was at or near the occurrence of the event. Under the circumstances, the Court finds these hearsay statements to be reliable and, therefore, admissible pursuant to §90.[8]03(23), Florida Statutes.[]

(Ex. G at 1)[9]

Contrary to Defendant's contention, after reviewing extensive evidence and arguments, the Court did make specific findings as required by section 90.803(23)(c). The Court found sufficient safeguards of reliability existed to admit the testimony. Specifically, the Court found the victim's statements to be reliable because, after considering a number of factors, the statements were consistent and the victim's statements were not prompted by questioners and were spontaneous in nature. Lastly, the Court found the statements were made near the occurrence of the event. Accordingly, the Court did make specific findings of fact as required by section 90.803(23)(a)1. Defendant's claim is refuted by the record.

---

[9] See Resp. Ex. I at 83.

> Moreover, even if the Court's findings were not sufficient, the facts introduced at the hearing establish the statements were trustworthy. (Ex. E.)[10] Accordingly, any objection by counsel would not have resulted in the exclusion of this evidence, as the Court could have made a more specific order outlining its findings. (Ex. E.) Furthermore, the victim testified at trial regarding the offenses and Defendant's conduct, which supported the elements found by the jury in each of the three counts. (Ex. H at 35-60.)[11] Therefore, there is no reasonable probability the outcome of the trial would have been different had the child hearsay evidence not been introduced. For the above stated reasons, Defendant has failed to demonstrate deficient performance or prejudice, and, therefore, he is not entitled to relief on Ground One.

Id. at 28-30. The appellate court affirmed the circuit court's denial of relief without issuing a written opinion. Resp. Exs. L; N.

To the extent that the appellate court decided the claim on the merits,[12] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Glover is not entitled to relief on the basis of this claim.

---

[10] See Resp. Ex. I at 52-68.

[11] See Resp. Exs. C, O, Transcripts of the December 13, 2011 Trial Proceedings (Tr.), at 35-60.

[12] Throughout this Order, in looking through the appellate court's per curiam affirmance to the circuit court's "relevant rationale," the Court presumes that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1192.

Nevertheless, even if the appellate court's adjudication of this claim is not entitled to deference, ground one is without merit. In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence. See Anderson v. Sec'y, Fla. Dep't of Corr., 752 F.3d 881, 904 (11th Cir. 2014). The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005). Thus, Glover must establish that no competent attorney would have taken the action that his counsel chose.

Notably, the test for ineffectiveness is neither whether counsel could have done more nor whether the best criminal defense attorneys might have done more; in retrospect, one may always identify shortcomings. Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance") (quotations omitted). Instead, the test is whether what counsel did was within the wide range of reasonable professional assistance. Ward, 592 F.3d at 1164 (quotations and citation omitted); Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial could have acted as defense counsel acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted).

Florida Statutes section 90.803(23) (2010) provides in pertinent part:

> (a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, **an out-of-court statement made by a child victim with a physical, mental, emotional, or**

**developmental age of 11 or less** describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:

> 1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
>
> 2. The child either:
>
>> a. Testifies; or
>> b. Is unavailable as a witness . . . .

. . . .

**(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.**

Fla. Stat. §90.803(23) (2010) (emphasis added). The Florida Supreme Court has instructed that section 90.803(23)(c) envisions that the court will set forth its specific reasons rather than a mere conclusion that the out-of-court statements are reliable. See Feller v. State, 637 So.3d 911, 915 (Fla. 1994).

Here, the record reflects that the State filed a Notice of Child Hearsay Evidence (Notice). See Resp. Exs. A at 20; I at 46. In the Notice, the State advised Glover that it intended to introduce hearsay testimony concerning statements that J.H., the child victim, made to Arabia Thomas Davis (Ms. Davis) and Shari George (Ms. George). The State

14

provided the pertinent times, content, and circumstances surrounding J.H.'s statements to Ms. Davis and Ms. George. See id. Specifically, the State asserted that J.H. had disclosed to Ms. George (her cheerleading team mom) at a self-esteem-character-building class "[s]ometime in January of 2011" that Glover "was touching her." Id. Additionally, the Notice provided that J.H. had told Ms. Davis at a February 3, 2011 forensic interview that "Freddie," her mother's boyfriend, had "touched her on her private places" in her mother's bedroom. Id.

The trial court held an August 26, 2011 hearing, at which Ms. Davis and Ms. George testified. See Aug. Tr. Ms. George testified that J.H. approached her in January 2011 and told her that "her mother's boyfriend was touching her." Id. at 61. According to Ms. George, she advised J.H. that she should tell a counselor, teacher, or "somebody of authority." Id. at 62. Ms. George stated that J.H. told her a few weeks later that she had reported it to someone.[13] See id. At the hearing, Ms. Davis testified that she talked to J.H. on February 3, 2011, in a video/audio-recorded forensic interview,[14] at which J.H. described what her mother's boyfriend had done to her. See id. at 52-58. After hearing arguments, see id. at 69-75, the trial judge scheduled another hearing. Id. at 75. At the September 6th hearing, the trial judge stated she had watched the CPT video "in great detail" and had taken "copious notes." Sept. Tr. at 80. The trial judge found that J.H.'s out-of-court statements to Ms. Davis and Ms. George "regarding unlawful sexual abuse

---

[13] At trial, J.H. testified that she told one of her friends, and after talking to Ms. George, she spoke to a school counselor. See Tr. at 59.

[14] According to Ms. Davis, a forensic interview "is basically like a structured, neutral child-centered interview," where the interviewer "ask[s] open-ended questions, non-leading questions" so the child can provide a "narrative" of what happened. See Tr. at 77.

upon her shall be and are admissible in the trial in this case." Id. at 81. That same day,

the trial judge entered an Order, stating in pertinent part:

> This cause was heard upon the written motion of the Defendant for the purpose of determining whether the out of court statements made by the victim, regarding unlawful sexual abuse, would be admissible in the pending jury trial pursuant to §90[].803(23), Florida Statutes. The Court has heard testimony from each of the witnesses as to the statements made by the victim, J.H., and the Court finds the victim was 11 years of age[15] or less at the time of the alleged incident and that the statements sought to be admitted describe acts of sexual abuse performed on this child. The Court makes the following findings of fact:
>
> The Court has considered the mental and physical age and maturity of the child, the nature and duration of the abuse, the relationship of the child[] to the offender, the reliability of the assertion and the reliability of the child victim and finds that the statements made by this child sought to be admitted are reliable as they are consistent. Further, the reporting by the child was spontaneous and the facts reported were not suggested by any of the questioners and the discovery of the abuse was at or near the occurrence of the event. Under the circumstances, the Court finds these hearsay statements to be reliable and, therefore, admissible pursuant to §90.[8]03(23), Florida Statutes.

Resp. Exs. A at 25; I at 83. At Glover's trial, Ms. George testified that J.H. told her in January 2011 that "her mother's boyfriend had been touching her." Tr. at 63-64. According to Ms. George, J.H. never shared any details about the abuse. See id. at 64. At trial, Ms. Davis testified that she conducted a CPT forensic interview of J.H. on February 3, 2011,

---

[15] Glover's assertion that "there was no way possible for the child to be '11 years or less' at the time the hearsay statement[s] w[ere] given," Reply at 4, is unavailing. J.H.'s birthday is February 22, 1999. See Tr. at 36. She was eleven years old when she told Ms. George in January 2011 and Ms. Davis on February 3, 2011, see Aug. Tr. at 55, 60, that Glover had abused her in November 2010, see Tr. at 41.

see id. at 74-83, 120-26, and the jury watched the CPT video where J.H. told Ms. Davis that Freddie touched her "private places," see id. at 84-120.

On this record, Glover has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Even assuming arguendo deficient performance by defense counsel, Glover has not shown any resulting prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had acted as Glover claims she should have. His ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Glover is not entitled to federal habeas relief on ground one.

### B. Ground Two

Next, Glover asserts that counsel was ineffective because she failed to object to the child hearsay evidence under Florida Statutes section 90.403.[16] See Petition at 6. He maintains that the child hearsay evidence "was more prejudic[ial] than probative" because it was "cumulative in nature which only bolstered" the victim's testimony with "her prior statements." Id. Glover raised the claim in his Rule 3.850 motion in state court. Resp. Ex. I at 17-21. The circuit court ultimately denied the post-conviction motion with respect to the claim, reasoning in pertinent part:

> Alternatively, Defendant argues his counsel was ineffective for failing to object to the child hearsay evidence based on the fact that the prejudicial impact of the evidence (introduction of cumulative evidence) substantially

---

[16] Florida Statutes section 90.403 states that "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. . . ."

outweighed its probative value.[17]  Defendant claims the child hearsay evidence was cumulative to the victim's trial testimony and merely bolstered her trial testimony with her prior consistent statements. Had counsel objected, Defendant alleges the Court would have found the evidence cumulative and prejudicial under section 90.403 and would have excluded it from trial. Counsel's failure to object allegedly prejudiced Defendant because it bolstered the victim's trial testimony.

Even though a court may find child hearsay can be admitted under section 90.803(23), a court must still consider whether the prejudicial impact of the evidence would substantially outweigh the probative value. Pardo v. State, 596 So.2d 665, 668 (Fla. 1992). Notably, a court does not abuse its discretion in overruling a section 90.403 objection in permitting three witnesses to testify to child hearsay. Moore v. State, 943 So.2d 296, 297 (Fla. 1st DCA 2006); see also Bass v. State, 35 So.3d 43, 46 (Fla. 1st DCA 2010) (finding that even if preserved, a section 90.403 objection to child hearsay testimony by several witnesses would not have been prejudicially cumulative.)

Based on the decisions in Moore and Bass, the introduction of the two witnesses' child hearsay testimony would not have constituted prejudicially cumulative evidence under section 90.403. Accordingly, because Defendant's argument would not have succeeded, "[t]rial counsel is not ineffective for failing to raise a meritless challenge." Heath v. State, 3 So.3d 1017, 1033 (Fla. 2009). Moreover, as noted in the Court's analysis of Ground One, which it hereby incorporates into its analysis of Ground Two, Defendant cannot demonstrate prejudice, because the victim testified at trial. The victim's testimony alone would have been sufficient to convict Defendant of each of the three offenses for which the jury eventually convicted Defendant. Defendant has failed to demonstrate deficient performance or prejudice; therefore, he is not entitled to relief on Ground Two.

---

[17] In his Rule 3.850 motion, Glover asserted that "repetitive portions" of Ms. George's and Ms. Davis's testimonies about the child victim's out-of-court "statements of abuse" bolstered the victim's testimony. Resp. Ex. I at 20.

Id. at 30-31. The appellate court affirmed the circuit court's denial of relief without issuing a written opinion. Resp. Exs. L; N.

To the extent that the appellate court decided the claim on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Glover is not entitled to relief on the basis of this claim.

Even if the appellate court's adjudication of this claim is not entitled to deference, Glover's claim is still without merit. Glover has failed to demonstrate that his counsel's representation fell outside that range of reasonably professional assistance. The child hearsay testimony was neither inadmissible nor improper under Florida Statutes section 90.403. See Anderson v. State, 229 So.2d 383, 385 (Fla. 4th DCA 2017) ("Even if this issue had been properly preserved, the trial court did not abuse its discretion in admitting the victim's child hearsay statements through three different witnesses. The probative value of the child hearsay was not substantially outweighed by the danger of unfair prejudice, particularly where defense counsel argued that there were inconsistencies in the victim's story and that she was not credible.") (citing Bass v. State, 35 So.3d 43, 46 (Fla. 1st DCA 2010) ("Had the [defendant]'s argument been properly preserved, we would conclude that his argument does not merit reversal because the probative value of the witnesses' testimony was not substantially outweighed by the presentation of similar

evidence of the out-of-court statement by multiple witnesses, especially since the defense counsel was allowed to attack the credibility of several of the witnesses at trial.")); see Tr. at 66-68 (overruling defense counsel's objection to Ms. George's testimony relating to why J.H. was hesitant to tell her mother), 321-22 (defense counsel's closing argument relating to the child hearsay evidence). Accordingly, counsel cannot be deficient for failing to raise a meritless objection. See Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1142 (11th Cir. 2005) (holding counsel cannot be ineffective for failing to raise a meritless argument); Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994) (noting that "it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance."). Even assuming arguendo deficient performance by defense counsel, Glover has not shown any resulting prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had objected to the admission of the child hearsay evidence under Florida Statutes section 90.403. His ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Glover is not entitled to federal habeas relief on ground two.

### VII. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Glover seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Glover "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282

(2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.      The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.      If Glover appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.     The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of July, 2020.

MARCIA MORALES HOWARD
United States District Judge

sc 7/10
c:
Freddie Lee Glover, FDOC # J46261
Counsel of Record